ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 2 1 2011

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| MICHAEL MILLER,<br><br>  Plaintiff,<br><br>vs.<br><br>GGNSC ATLANTA, LLC, GGNSC<br>ADMINISTRATIVE SERVICES,<br>LLC, GGNSC CLINICAL SERVICES, LLC,<br>GOLDEN GATE NATIONAL SENIOR CARE,<br>LLC, GGNSC EQUITY HOLDINGS, LLC and<br>GGNSC HOLDINGS, LLC,<br><br>  Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
FILE NO. _____

1:11-CV-0218

WSD

## PETITION FOR REMOVAL

COME NOW GGNSC Atlanta, LLC, GGNSC Administrative Services, LLC,

GGNSC Clinical Services, LLC, Golden Gate National Senior Care, LLC, GGNSC

Equity Holdings, LLC and GGNSC Holdings, LLC, and hereby file this Petition for

Removal, pursuant to the provisions of 28 U.S.C. §§ 1441, et seq., and show this Court

the following:

1.

The present action was commenced by the Plaintiff in the Superior Court of Fulton County. The suit is identified as <u>Michael Miller v. GGNSC Atlanta, LLC, GGNSC Administrative Services, LLC, GGNSC Clinical Services, LLC, Golden Gate National Senior Care, LLC, GGNSC Equity Holdings, LLC and GGNSC Holdings, LLC,</u> State Court of Fulton County, Civil Action File No. 10EV011649H.

2.

The Complaint was the initial pleading setting forth the claim for relief upon which this action is based. (A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit "A"). The earliest knowledge and first notice by Defendants, or its agents, of Plaintiff's Complaint was December 23, 2010.

3.

The filing of this Petition for Removal is timely in that it has been filed within thirty (30) days of the date of the Defendants first receiving notice of Plaintiff's Complaint.

4.

This action is of a civil nature. The substance of Plaintiff's Complaint is that Defendants committed negligence by deviating from the standard of care which

10585227-1

caused Plaintiff to develop a pressure ulcer  Specifically, Plaintiff alleges that Defendants failed to properly assess Mr. Miller's skin and failed to note the presence and development of the pressure ulcer in a timely fashion

6.

Plaintiff is a resident of the State of Georgia.

7.

Defendants GGNSC Atlanta, LLC, GGNSC Administrative Services, LLC, GGNSC Clinical Services, LLC, Golden Gate National Senior Care, LLC, GGNSC Equity Holdings, LLC and GGNSC Holdings, LLC are non-resident corporations established under the laws of the State of Delaware. GGNSC Equity Holdings, LLC's principal place of business is located in Fort Smith, Arkansas.

8.

There exists complete diversity among the parties who are presently before the Court.

9.

This Court has jurisdiction under 28 U.S.C. § 1332 and, therefore, this action is one which may be removed to this Court by the Petitioner/Defendants, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1441(b), in that it is a civil action in which the

10585227-1

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is an action between citizens of different states.

WHEREFORE, Petitioners, GGNSC Atlanta, LLC, GGNSC Administrative Services, LLC, GGNSC Clinical Services, LLC, Golden Gate National Senior Care, LLC, GGNSC Equity Holdings, LLC and GGNSC Holdings, LLC named Defendants in the action described hereinabove which is currently pending in the State Court of Fulton County, State of Georgia, Civil Action File No. 10EV011649H pray that this action be removed therefrom to this Court.

Respectfully submitted this _21_ day of January, 2011.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

David C. Marshall
State Bar No. 471512
Patricia M. Peters
State Bar No. 573650

*Counsel for Defendants*

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: dmarshall@hptylaw.com
E-mail: tpeters@hptylaw.com

10585227-1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | FILE NO. _____ |
| | ) | |
| GGNSC ATLANTA, LLC, GGNSC | ) | |
| ADMINISTRATIVE SERVICES, | ) | |
| LLC, GGNSC CLINICAL SERVICES, LLC, | ) | |
| GOLDEN GATE NATIONAL SENIOR CARE, | ) | |
| LLC, GGNSC EQUITY HOLDINGS, LLC and | ) | |
| GGNSC HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants, | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the

within and foregoing **PETITION FOR REMOVAL** upon Plaintiff by depositing

same in the United States certified mail, return receipt requested and with

sufficient postage affixed thereon and addressed as follows:

Lance D. Lourie, Esq.
Suzanne T. Fink, Esq.
Tower Place 200, Suite 1050
3348 Peachtree Road, N.E.
Atlanta, GA 30326

10585227-1

This __21__ day of January, 2011.


David C. Marshall
Patricia M. Peters

4000 SunTrust Plaza
303 Peachtree Street, N.E.          *Counsel for Defendants*
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: tpeters@hptylaw.com

10585227-1

# Exhibit "A"

***EFILED***
LexisNexis Transaction ID: 35011089
Date:  Dec 22 2010  1:11PM
Mark Harper, Clerk

# EXHIBIT "A"

## IN THE STATE COURT OF FULTON COUNTY

### STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MICHAEL MILLER, | ) | CIVIL ACTION |
|  | ) | FILE NO: 10EV011649H |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| GGNSC ATLANTA, LLC, GGNSC | ) |  |
| ADMINISTRATIVE SERVICES, | ) |  |
| LLC, GGNSC CLINICAL SERVICES, LLC, | ) |  |
| GOLDEN GATE NATIONAL SENIOR CARE, | ) |  |
| LLC, GGNSC EQUITY HOLDINGS, LLC and | ) |  |
| GGNSC HOLDINGS, LLC, | ) . |  |
|  | ) |  |
| Defendants. | ) |  |

## COMPLAINT

COMES NOW, Michael Miller, Plaintiff in the above-styled action, and hereby files this Complaint for damages and shows the Court as follows:

### PARTIES AND JURISDICTION

1.

Michael Miller was a patient of Golden Living Center-Northside in 2010.

2.

Defendant GGNSC Atlanta, LLC owns, operates and manages Golden Living Center-Northside, a long term care facility located at 5470 Meridian Mark Road in Atlanta, Fulton County, Georgia, 30342.

# EXHIBIT "A"

3.

GGNSC Atlanta, LLC is a foreign limited liability corporation doing business as Golden Living Center-Northside, a long term care facility located at the above address.

4.

Defendant GGNSC Atlanta, LLC, may be served by serving its registered agent for service of process, Corporation Service Company, at 40 Technology Parkway, Norcross, Gwinnett County, Georgia, 30092.

5.

Defendant GGNSC Atlanta, LLC has been properly served with the Summons and Complaint in this action.

6.

Venue as to Defendant GGNSC Atlanta LLC is proper in this Court.

7.

Defendant GGNSC Atlanta, LLC is subject to the jurisdiction of this court.

8.

At all times material and relevant hereto, Defendant GGNSC Atlanta, LLC owned, maintained and/or operated Golden Living Center-Northside, a long term care facility located at the above address.

9.

In addition, at all times material hereto, Defendant GGNSC Atlanta, LLC had the right to control the time, manner and method of duties performed by the nurses, nurses' aides and other staff at Golden Living Center-Northside, and had the right to discharge the nurses, nurses' aides and other staff at the facility.

# EXHIBIT "A"

10.

Furthermore, at all times material hereto, the nurses, nurses' aides and other staff at Golden Living Center-Northisde were agents of Defendant GGNSC Atlanta, LLC, and were acting within the course and scope of their agency such that the negligence of these agents may be imputed to Defendant GGNSC Atlanta, LLC pursuant to the doctrine of *respondeat superior*.

11.

Defendant GGNSC Administrative Services, LLC owns, operates and manages Golden Living Center-Northside, a long term care facility located at 5470 Meridian Mark Road in Atlanta, Fulton County, Georgia, 30342.

12.

GGNSC Administrative Services, LLC is a foreign limited liability corporation doing business as Golden Living Cente-Northside, a long term care facility located at the above address.

13.

Defendant GGNSC Administrative Services, LLC may be served by serving its registered agent for service of process, Corporation Service Company, at 40 Technology Parkway, Norcross, Gwinnett County, Georgia, 30092.

14.

Defendant GGNSC Administrative Services, LLC has been properly served with the Summons and Complaint in this action.

15.

Venue as to Defendant GGNSC Administrative Services, LLC is proper in this Court.

3

# EXHIBIT "A"

### 16.

Defendant GGNSC Administrative Services, LLC is subject to the jurisdiction of this court.

### 17.

. At all times material and relevant hereto, Defendant GGNSC Atlanta, LLC owned, maintained and/or operated Golden Living Center-Northisde, a long term care facility located at the above address.

### 18.

· In addition, at all times material hereto, Defendant GGNSC Administrative Services LLC had the right to control the time, manner and method of duties performed by the nurses, nurses' aides and other staff at Golden Living Center-Northside, and had the right to discharge the nurses, nurses' aides and other staff at the facility.

### 19.

Furthermore, at all times material hereto, the nurses, nurses' aides and other staff at Golden Living Center-Northside were agents of Defendant Administrative Services LLC, and were acting within the course and scope of their agency such that the negligence of these agents may be imputed to Defendant GGNSC Administrative Services, LLC, pursuant to the doctrine of *respondeat superior*.

### 20.

Defendant GGNSC Clinical Services, LLC owns, operates and manages Golden Living Center-Northside, a long term care facility located at 5470 Meridian Mark Road in Atlanta, Fulton County, Georgia, 30342.

4

# EXHIBIT "A"

21.

GGNSC Clinical Services, LLC is a foreign limited liability corporation doing business as Golden Living Center-Northisde, a long term care facility located at the above address.

22.

Defendant GGNSC Clinical Services, LLC may be served by serving its registered agent for service of process, Corporation Service Company, at 40 Technology Parkway, Norcross, Gwinnett County, Georgia, 30092.

23.

Defendant GGNSC Clinical Services, LLC has been properly served with the Summons and Complaint in this action.

24.

Venue as to Defendant GGNSC Clinical Services, LLC is proper in this Court.

25.

Defendant GGNSC Clinical Services, LLC is subject to the jurisdiction of this court.

26.

At all times material and relevant hereto, Defendant GGNSC Clinical Services, LLC owned, maintained and/or operated Golden Living Center-Northside, a long term care facility located at the above address.

27.

In addition, at all times material hereto, Defendant GGNSC Clinical Services, LLC had the right to control the time, manner and method of duties performed by the nurses, nurses' aides and other staff at Golden Living Center-Northside, and had the right to discharge the nurses, nurses' aides and other staff at the facility.

5

# EXHIBIT "A"

### 28.

Furthermore, at all times material hereto, the nurses, nurses' aides and other staff at Golden Living Center-Northside were agents of Defendant GGNSC Clinical Services, LLC, and were acting within the course and scope of their agency such that the negligence of these agents may be imputed to Defendant GGNSC Clinical Services, LLC pursuant to the doctrine of *respondeat superior*.

### 29.

Defendant Golden Gate National Senior Care, LLC owns, operates and manages Golden Living Center-Northside, a long term care facility located at 5470 Meridian Mark Road in Atlanta, Fulton County, Georgia, 30342.

### 30.

Defendant Golden Gate National Senior Care, LLC is a foreign limited liability corporation doing business as Golden Living Center-Northside, a long term care facility located at the above address.

### 31.

Defendant Golden Gate National Senior Care, LLC may be served by serving its registered agent for service of process, Corporation Service Company, at 40 Technology Parkway, Norcross, Gwinnett County, Georgia, 30092.

### 32.

Defendant Golden Gate National Senior Care, LLC has been properly served with the Summons and Complaint in this action.

### 33.

Venue as to Defendant Golden Gate National Senior Care, LLC is proper in this Court.

6

# EXHIBIT "A"

### 34.

Defendant Golden Gate National Senior Care, LLC is subject to the jurisdiction of this court.

### 35.

At all times material and relevant hereto, Defendant Golden Gate National Senior Care, LLC owned, maintained and/or operated Golden Living Center-Northside, a long term care facility located at the above address.

### 36.

In addition, at all times material hereto, Defendant Golden Gate National Senior Care, LLC had the right to control the time, manner and method of duties performed by the nurses, nurses' aides and other staff at Golden Living Center-Northisde, and had the right to discharge the nurses, nurses' aides and other staff at the facility.

### 37.

Furthermore, at all times material hereto, the nurses, nurses' aides and other staff at Golden Living Center-Northside were agents of Defendant Golden Gate National Senior Care, LLC, and were acting within the course and scope of their agency such that the negligence of these agents may be imputed to Defendant Golden Gate National Senior Care, LLC pursuant to the doctrine of *respondeat superior*.

### 38.

Defendant GGNSC Equity Holdings, LLC owns, operates and manages Golden Living Center-Northside, a long term care facility located at 5470 Meridian Mark Road in Atlanta, Fulton County, Georgia, 30342.

7

# EXHIBIT "A"

### 39.

GGNSC Equity Holdings, LLC is a foreign limited liability corporation doing business as Golden Living Center-Northside, a long term care facility located at the above address.

### 40.

Defendant GGNSC Equity Holdings, LLC  may be served by serving its registered agent for service of process, Corporation Service Company, at 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas, 72201.

### 41.

Defendant GGNSC Equity Holdings, LLC has been properly served with the Summons and Complaint in this action.

### 42.

Venue as to Defendant GGNSC Equity Holdings, LLC is proper in this Court.

### 43.

Defendant GGNSC Equity Holdings, LLC is subject to the jurisdiction of this court under the Georgia Long-Arm statute, O. C. G. A. § 9-10-11, by virtue of having committed a tortuous act or omission within this state, and owning, using or possessing real property within the state.

### 44.

At all times material and relevant hereto, Defendant GGNSC Equity Holdings, LLC owned, maintained and/or operated Golden Living Center-Northside, a long term care facility located at the above address.

8

# EXHIBIT "A"

45.

In addition, at all times material hereto, Defendant GGNSC Equity Holdings, LLC had the right to control the time, manner and method of duties performed by the nurses, nurses' aides and other staff at Golden Living Center-Northside, and had the right to discharge the nurses, nurses' aides and other staff at the facility.

46.

Furthermore, at all times material hereto, the nurses, nurses' aides and other staff at Golden Living Center-Northside were agents of Defendant GGNSC Equity Holdings, LLC, and were acting within the course and scope of their agency such that the negligence of these agents may be imputed to Defendant GGNSC Equity Holdings, LLC, pursuant to the doctrine of *respondeat superior*.

47.

Defendant GGNSC Holdings, LLC owns, operates and manages Golden living Center-Northside, a long term care facility located at 5470 Meridian Mark Road in Atlanta, Fulton County, Georgia, 30342.

48.

GGNSC Holdings, LLC is a foreign limited liability corporation doing business as Golden Living Center-Northside, a long term care facility located at the above address.

49.

Defendant GGNSC Holdings, LLC may be served by serving its registered agent for service of process, Corporation Service Company, at 40 Technology Parkway, Norcross, Gwinnett County, Georgia, 30092.

# EXHIBIT "A"

50.

Defendant GGNSC Holdings, LLC has been properly served with the Summons and Complaint in this action.

51.

Venue as to Defendant GGNSC Holdings, LLC is proper in this Court.

52.

Defendant GGNSC Holdings, LLC is subject to the jurisdiction of this court.

53.

At all times material and relevant hereto, Defendant GGNSC Holdings, LLC owned, maintained and/or operated Golden Living Center-Northside, a long term care facility located at the above address.

54.

In addition, at all times material hereto, Defendant GGNSC Equity LLC had the right to control the time, manner and method of duties performed by the nurses, nurses' aides and other staff at Golden Living Center-Northside, and had the right to discharge the nurses, nurses' aides and other staff at the facility.

55.

Furthermore, at all times material hereto, the nurses, nurses' aides and other staff at Golden Living Center-Northside were agents of Defendant GGNSC Holdings, LLC and were acting within the course and scope of their agency such that the negligence of these agents may be imputed to Defendant GGNSC Equity Holdings, LLC pursuant to the doctrine of *respondeat superior*.

# EXHIBIT "A"

### 56.

Defendants were involved in a joint venture, enterprise and/or business in the ownership, management and/or running of Golden Living Center-Northisde, while Plaintiff was a resident.

### 57.

As such, Defendants are all collectively liable to Plaintiff for the violations set forth herein. Defendants are joint and several tort feasors and are jointly and severally liable to Plaintiff.

### 58.

The acts and omissions giving rise to Plaintiff's claims occurred at Defendants' office/facility, which is located in Fulton County, Georgia.

### 59.

Plaintiff has attached the Affidavits of Harry S. Strothers, III, M.D., M.M.M. and Susanne Weywoda-Rowan, R.N., B.S.N., C.W.C.N, C.L.N.C., W.O.C.N., in which both Dr. Strothers and Ms. Rowan have set forth at least one negligent act and/or omission on the part of the Defendants.

## **FACTS**

### 60.

Plaintiff incorporates herein paragraphs 1 through 59 above as though set forth fully verbatim.

### 61.

Michael Miller was admitted to Golden Living Center-Northside on January 8, 2010, from Northside Hospital following surgery for a fracture of the femur. Upon admission, his skin was clear and he had no pressure ulcers.

# EXHIBIT "A"

## 62.

On the RAP of January 21, 2010, Mr. Miller was noted to have no actual ulcers but increased limited mobility.

## 63.

Thereafter, on January 28, 2010, a Nurse Harris performed a weekly skin evaluation as contained in the wound notes from Michael Miller. She noted in her assessment the following: frequent loose stools, sacral crest excoriated (partial thickness), peri reactive erythema, no exudate. Site pink, irregular shaped. Thick layer of barrier applied.

## 64.

According to the nurses' notes of January 29, 2010, Mr. Miller was not feeling well and was not ready to go home. The physical therapy documentation of this same date reflects that Mr. Miller had a fever of 101 degrees.

## 65.

The following day, January 30, 2010, Mr. Miller continued to not feel well according to physical therapy documentation, and still had an elevated temperature. It was noted by a Nurse Lester that Mr. Miller was medicated for a temperature of 102.1.

## 66.

On February 1, 2010, the physical therapy documentation indicated that Mr. Miller was noticeably confused, fatigued and had reduced blood pressure. A change in condition was also noted indicating that Mr. Miller's wound was to be evaluated.

## 67.

On that same date, February 1, 2010, Mr. Miller was transferred from Golden Living Center-Northside to Northside Hospital, where he was noted upon admission to have sepsis,

# EXHIBIT "A"

possible cellulitis and urinary tract infection, as well as early gangrene.  The Northside admitting

physician noted that he found diffuse cellulitis of the bilateral buttocks, particularly right greater

than left.  Additionally, the Northside physician noted that Mr. Miller had a sacral decubitus

ulcer and was incontinent of feces, and the fecal matter had contaminated the pressure ulcer.  The

physician also noted that Mr. Miller had no awareness he had any skin breakdown or infection in

this area.  The admitting diagnosis was sepsis.

### 68.

The WOC progress note from Northside Hospital dated February 2, 2010 indicated a 22 x

8 cm decubitus ulcer, with 40% black eschar and unable to stage.  It was also noted that there

was a 4-5 cm width circumferential ring of erythema as well as a 5 cm induration extending to

right buttocks.

### 69.

Thereafter, on February 4, 2010, the Northside progress notes refer to an infected

decubitus ulcer present on admission, in need of possible debridement.

### 70.

Subsequently, the following day, on February 5, 2010, the wound was debrided, and

measured 19.5 x 7 x 9.5 with undermining at 12 o'clock 3 cm, 3 o'clock extending 2.6 cm, 6

o'clock 4 cm and 9 o'clock 2.4 cm.  The wound was staged as a IV.

### 71.

Mr. Miller continued to receive wound care while at Northside Hospital until his

discharge on February 16, 2010.

# EXHIBIT "A"

## COUNT I

## NEGLIGENCE

## PROFESSIONAL NEGLIGENCE OF DEFENDANTS

### 72.

Plaintiff incorporates paragraphs 1 through 71 above as though set forth fully verbatim.

### 73.

Defendants and their employees owed a duty to Michael Miller to comply with the standard of care and skill exercised by nurses generally under similar and like surrounding circumstances as those presented by Michael Miller in 2010. Defendants, including the nurses employed by them, violated the standard of care and skill exercised by nurses generally under similar conditions and like surrounding circumstances such as those presented by Michael Miller in their care and treatment of him. This malpractice includes, but is not limited to, the following:

### 74.

(a)     The nurses failed to properly assess Mr. Miller's skin and failed to note the presence and development of the pressure ulcer in a timely fashion. Moreover, the nurses failed to note that the wound was infected and the patient was becoming septic;

(b)     Nurse Harris, on January 28, 2010, in her weekly wound assessment, failed to do a sufficient evaluation of Mr. Miller's wound. She did not recognize that the wound was a pressure ulcer that needed additional interventions, including specifically wound care and pressure reducing intervention. Nurse Harris further deviated from the standard of care by failing to stage the wound, document whether the wound had drainage or odor, and further, if she could measure the

14

# EXHIBIT "A"

depth of the wound, the standard of care required her to measure the depth and document it;

(c)    The standard of care also required Nurse Harris to inform the patient (or patient's representative) and the patient's physician of this wound, and to document that it had been done; and

(d)    Golden Living Center-Northside failed to adequately train and educate its staff how to recognize, prevent and treat decubitus ulcers.

### 75.

As a direct and proximate result of the above violations of the standard of care committed by Defendants, by and through their employees, Michael Miller suffered excruciating physical and mental pain and suffering, as well as medical expenses, and other damages.

### 76.

As such, Defendants are liable to Plaintiff Michael Miller for the excruciating physical and mental pain and suffering, medical expenses, and other damages incurred.

## COUNT II

## VIOLATIONS OF THE GEORGIA BILL OF RIGHTS FOR RESIDENTS OF LONG-TERM CARE FACILITIES

### 77.

Plaintiff incorporates herein paragraphs 1 through 76 above as though set forth fully verbatim.

### 78.

Defendants, through their agents, employees, servants, representatives, and successors in interest, have violated Mr. Miller's rights enumerated under O.C.G.A. §§ 31-8-109 and the Rules of Georgia Department of Human Resources, Chapter 290-5-8-.01 through 290-5-8-.24.

# EXHIBIT "A"

### 79.

Plaintiff brings this action pursuant to the "Bill of Rights for Residents of Long Term Care Facilities" (O.C.G.A. § 31-8-100, *et seq.*).

### 80.

The Official Code of Georgia § 31-8-108 provides that each resident shall receive care, treatment, and services, which are adequate and appropriate. Furthermore, it requires that the care, treatment, and services be provided with reasonable care and skill, in compliance with applicable laws and regulations, and with respect for the resident's personal dignity and privacy.

### 81.

Defendants failed to comply with these requirements and provisions of Official Code of Georgia § 31-8-108. Said violations on the part of Defendants (by and through their employees and agents) proximately caused injuries to Michael Miller, including pain and suffering, a decubitus ulcer, medical expenses and permanent injury.

### 82.

Pursuant to the Official Code of Georgia § 31-8-136, Plaintiff is entitled to bring an action as a result of Defendants' violations of the "Bill of Rights for Residents of Long Term Care Facilities."

### 83.

As a proximate result of the violations of the "Bill of Rights for Residents of Long Term Care Facilities" on the part of Defendants, Michael Miller suffered pain and suffering, incurred medical expenses and permanent injury.

# EXHIBIT "A"

### 84.

Accordingly, Plaintiff Michael Miller is entitled to recover damages for his pain and suffering, medical expenses, and all other expenses incurred as a result of Defendants' violations as set forth above.

## COUNT III

## NEGLIGENCE *PER SE* SECONDARY TO VIOLATIONS OF FEDERAL AND STATE REGULATIONS

### 85.

Plaintiff incorporates paragraphs 1 through 84 above as though set forth fully verbatim.

### 86.

The nursing facility known as Golden Living Center-Northside participates in the Medicare program. Accordingly, Defendants are subject to the rules and regulations concerning nursing homes participating in the Medicare program adopted pursuant to the Omnibus Budget Reconciliation Act of 1987 (the "Act").

### 87.

The Act and accompanying regulations were enacted to protect the rights of nursing home residents in those homes that receive Medicare funding, and Plaintiff Michael Miller was a member of the class the Act and accompanying regulations were intended to protect. Accordingly, Defendants are guilty of negligence per se in their violation of 42 CFR § 483.10, 42 CFR § 483.15, 42 CFR § 483.20, 42 CFR § 483.25, 42 CFR § 483.30, and 42 CFR § 483.75.

### 88.

The nurses, nurses' aides and other employees of Golden Living Center-Northside violated various provisions of the Code of Federal Regulations, and said violations constitute negligence per se. These violations include, but are not limited to, the following:

17

# EXHIBIT "A"

(a)     42 CFR § 483.15 which requires that the facility promote care for residents in a manner and in an environment that maintains or enhances each resident's dignity and respect in full recognition of his or her individuality.

(b)     42 CFR § 483.20 which requires a comprehensive assessment be done promptly after a significant chance in the resident's physical or mental condition and that a comprehensive care plan be done accordingly.

(c)     42 CFR § 483.25(a) which requires that each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practical physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care.

(d)     42 CFR § 483.25(a) which requires that a resident's abilities and activities of daily living not be diminished unless the circumstances of an individual's clinical condition demonstrate that diminution was unavoidable.

(e)     42 CFR § 483.25(c) which requires that a resident who enters the facility without pressure sores does not develop pressure sores unless the individual's clinical condition demonstrates that they were unavoidable and that a resident having pressure sores receives necessary treatment and services to promote healing, prevent infection and prevent new sores from developing.

(f)     42 CFR § 483.25(i) which requires the facility to ensure that the resident maintains acceptable parameters of nutritional status, such as body weight and protein levels, unless the resident's clinical condition demonstrates that this is not possible; and the facility must ensure that the resident receives a therapeutic diet when there is a nutritional problem.

18

# EXHIBIT "A"

(g)     42 CFR § 483.25(j), which requires that the facility provide each resident with sufficient fluid intake to maintain proper hydration and health.

(h)     42 CFR § 483.30 which requires that the facility have sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident as determined by the resident's assessments and individual care plans.

(i)     42 CFR § 483.75(l) which requires that the facility maintain clinical records on each resident in accordance with accepted professional standards and practices that are complete and accurately documented.

(j)     42 CFR § 483.75 which requires that the facility be administered in a manner that enables it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial wellbeing of each resident.

(k)     42 CFR § 483.10 which requires that the facility immediately inform the resident; consult with the resident's physician; and if known, notify the resident's legal representative or interest family member when there is a significant change in the resident's physical, mental, or psychosocial status or a need to alter treatment significantly.

89.

The nurses, nurses' aides and other employees employed by and working at Golden Living Center-Northside violated various Rules and Regulations of the Department of Human Resources and Public Health.  Said violations constitute negligence *per se*.  These violations include, but are not limited to, the following:

(a)   .   Section 290-5-8-.04 which requires that nursing care and related services be carried out in accordance with the facility's patient care policies.

19

# EXHIBIT "A"

(b)      Section 290-5-8-.06 which requires that the facility meet the specific dietary requirements of each patient.

(c)      Section 290-5-8-.10 which requires that nursing care shall be provided to each patient according to his needs and in accordance with his patient care plan.

(d)      Section 290-5-8-.11 which requires that the nursing home maintain a complete medical record on each patient.

### 90.

As a result of the negligence of Defendants, by and through their employees and agents, Michael Miller developed a debilitating decubitus ulcer.

### 91.

The negligence *per se* of the Defendants by and through their employees proximately caused permanent and debilitating injuries to Michael Miller.

### 92.

As a result of the negligence *per se* of Defendants, Plaintiff Michael Miller is entitled to recover damages, pain and suffering, medical expenses, permanent injury and all other expenses incurred as a result thereof.

## COUNT IV

## ORDINARY NEGLIGENCE/SIMPLE NELGIGENCE

### 93.

Plaintiff incorporates paragraphs 1 through 92 above as though set forth fully verbatim.

### 94.

The Defendants including the nurses, nurses' aides and other agents and employees employed by Defendants, had a duty to exercise ordinary and reasonable care in providing

20

# EXHIBIT "A"

services to Michael Miller, including the following:  providing Michael Miller the appropriate nutrition and hydration, observing, documenting and reporting abnormal findings to nurses and physicians, implementing interventions to prevent pressure sores from developing and/or worsening and assisting Mr. Miller with position changes.

### 95.

Defendants' nurses, nurses' aides and other staff members had a duty to exercise ordinary and reasonable care in making sure that the facility was properly administered, and in particular to ensure that the facility adequately performed the following:  observe, document and report abnormal findings to nurses and physicians, implement interventions to prevent pressure sores from developing and/or worsening and assist Mr. Miller with position changes.

### 96.

Defendants failed to exercise ordinary and reasonable care in providing the services outlined above to Mr. Miller.

### 97.

The ordinary/simple negligence of the Defendants caused and contributed to Mr. Miller's injuries, pain and suffering, damages and permanent injury.

### 98.

Plaintiff Michael Miller, as a result of the above, is entitled to recover damages for his pain and suffering, medical expenses, permanent injuries and all other expenses incurred as a result of the ordinary negligence of the Defendants.

21

# EXHIBIT "A"

## COUNT V

## FAILURE TO PROVIDE SUFFICIENT AND PROPER STAFFING

### 99.

Plaintiff incorporate paragraphs 1 through 98 above as though set forth fully verbatim.

### 100.

Defendants, collectively referred to herein as Golden Living Center-Northside Defendants, had a duty to exercise ordinary and reasonable care in providing sufficient staffing and properly trained staff at Golden Living Center-Northside.

### 101.

Golden Living Center-Northside was chronically understaffed, which put patients at the facility at risk and in danger. In addition, the staff at Golden Living Center-Northside was inadequately and improperly trained.

### 102.

The Golden Living Center-Northside Defendants breached their duty to exercise reasonable and ordinary care in providing sufficient and quality staffing at Golden Living Center-Northside.

### 103.

The Golden Living Center-Northside Defendants failed to provide sufficient staffing at Golden living Center-Northside and caused the facility to be chronically understaffed, and failed to properly train said staff. Defendants' acts and omissions caused the injuries to Michael Miller, pain and suffering, permanent injury, medical expenses and other damages.

22

# EXHIBIT "A"

### 104.

As a further result of the Golden Living Center-Northside Defendants' failure to provide sufficient staff at Golden Living Center-Northside and failure to properly train its staff, Michael Miller is entitled to recover damages for his pain and suffering, medical expenses, permanent injury and other damages incurred in connection with the injuries to him.

## COUNT VI

## DIRECT PARTICIPANT LIABILITY OF DEFENDANTS

### 105.

Plaintiff incorporates paragraphs 1 through 104 above as though set forth fully verbatim.

### 106.

Defendants were directly involved the following:

(a)   The management of the financial affairs of Golden Living Center-Northside;

(b)   The budget mismanagement, which went on at Golden Living Center-Northside;

(c)   Directly controlling the staffing, quantity of staffing, quality of staffing, and training of staffing at Golden Living Center-Northside;

(d)   The policy decisions at Golden Living Center-Northside, including the policies reflecting staffing, training of staff, and number of staff that were provided to work at Golden Living Center-Northside;

(e)   The undercapitalization of the facility;

(f)   The understaffing of the facility;

(g)   Governing and operating the facility inadequately and insufficiently within the meaning of federal and state law;

(h)   Failing to properly manage and provide services, which were insufficient;

23

# EXHIBIT "A"

(i)     Failing to develop and implement policies and procedures;

(j)     Failing to implement or adequate quality assessment and performance improvement program;

(k)     Controlling the funds which were utilized to ensure that the facility was properly staffed and the staffed were properly trained;

(l)     Participating in allowing the facility to admit patients who were dangerous and were not appropriate for admission to the facility; and

(m)     Direct participation in causing the facility to make extraordinary efforts to increase the census of the facility and to do so at the expense of the health, safety, and welfare of the residents.

107.

Defendants had a duty to exercise ordinary and reasonable care in overseeing the facility, managing the facility, performing executive functions, and making sure that the facility was reasonably and appropriately staffed and insured.

108.

Defendants failed to exercise ordinary and reasonable care in performing the above while Michael Miller was a resident at Golden Living Center-Northside.

109.

Defendants are liable to Plaintiff based upon the doctrine of direct participate involvement and liability, combined with their failure to exercise ordinary and reasonable care in performing the above functions. These actions and omissions on the part of Defendants caused and contributed to the injuries to Michael Miller as described above.

# EXHIBIT "A"

110.

Accordingly, Defendants are liable to Plaintiff Michael Miller, as set forth above.

## COUNT VII

## PUNITIVE DAMAGES

111.

Plaintiff incorporates paragraphs 1 through 110 above as though set forth fully verbatim.

112.

The acts and omissions of the Defendants demonstrate fraud, intentional misconduct, willful and wanton misconduct, oppression, malice and a conscious indifference to the consequences, including the safety, health and welfare of Michael Miller.

113.

The acts and omissions of the Defendants were accompanied by aggravating circumstances.

114.

Defendants are liable for punitive damages to Plaintiff.

115.

Punitive damages should be awarded to Plaintiff and against the Defendants to deter Defendants from repeated misconduct as set forth in this Complaint.

WHEREFORE, Plaintiff prays for the following relief:

(a)     That process be issued as to the Defendants;

(b)     That Plaintiff Michael Miller recover a judgment against the Defendants in an amount to be shown by the evidence at the trial of this case;

25

# EXHIBIT "A"

(c)  That Plaintiff recover punitive damages from the Defendants;

(d)  That the Court and jury grant such other and further relief as they may deem just and proper; and

(e)  That Plaintiff be granted a trial by jury.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

This ___22___ day of December, 2010.

WATKINS, LOURIE, ROLL & CHANCE, PC

BY _____
LANCE D. LOURIE
Georgia Bar No. 458520

BY _____
SUZANNE T. FINK
Georgia Bar No. 716244

Tower Place 200, Suite 1050
3348 Peachtree Road, N.E.
Atlanta, GA 30326
(404) 760-7400

ATTORNEYS FOR PLAINTIFF

26